

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TS:RCH/HDM
F. #2016R01997

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 15, 2017

<u>By ECF</u>

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Todd Macaluso
             <u>Criminal Docket No. 16-609 (ILG)</u>

Dear Judge Glasser:

      The government respectfully writes in response to the defendant's letter dated December 9, 2017, in which the defendant asserts that the government failed to corroborate Humberto Contreras's testimony that the defendant met with drug traffickers in Tijuana, Mexico several times in the months prior to his arrest. As detailed in the government's letter dated December 7, 2017, the government introduced at trial several types of evidence corroborating Humberto Contreras's testimony on that issue, including among other things, a stipulation, which was entered into by both the government and the defendant, identifying several occasions in which the defendant traveled to Mexico during that same time period. <u>See</u> Dkt No. 128, Ex. J.

      The government has fully complied with its obligations under Federal Rule of Criminal Procedure 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Although the defendant has identified other types of evidence that could have further corroborated Contreras's testimony for the jury, "[n]o particular type of evidence is required, so long as the evidence taken together is such that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Lee</u>, 660 F. App'x 8 (2d Cir. 2016) (quoting <u>United States v. Persico</u>, 645 F.3d 85, 105 (2d Cir. 2011)). This is particularly true here, where the defendant's travel to Mexico in the months prior to his arrest, the very issue that the defendant now claims was not sufficiently corroborated, was uncontested at trial and established by stipulation.

      For the reasons previously set forth in the government's letter dated December 7, 2017, the defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) or, in the alternative, a new trial pursuant to Federal Rule of Criminal Procedure 33(a) should be denied.

      Respectfully submitted,

      BRIDGET M. ROHDE
      Acting United States Attorney

By:  /s/ Ryan C. Harris
      Ryan C. Harris
      Hiral D. Mehta
      Assistant U.S. Attorneys
      (718) 254-7000

cc:    Clerk of the Court (ILG) (by ECF)
       Michael Gold, Esq. (by ECF)