UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA

              MEMORANDUM & ORDER
              16-CR-609 (ILG)

  v.

TODD MACALUSO,

    Defendant.
---------------------------------------------------------x
GLASSER, Senior United States District Judge:

  Familiarity with the relevant factual background and procedural history in this matter is presumed. In short, on December 14, 2016, the Court "SO ORDERED" a stipulation and protective order (the **"Protective Order"**) agreed to by the parties, which prohibited the dissemination of certain "Protected Discovery" in Defendant's criminal case except pursuant to the terms of the Protective Order. (ECF No. 24). After his conviction, in a *pro se* letter-motion dated April 16, 2019, Defendant moved for the Court to vacate the Protective Order, to "order that the United States Attorney's Office send by registered mail" his "legal file" to a provided address, and to "order the Federal Bureau of Investigation and the United States Attorney's Office to provide declarations as to whether anyone accessed the legal file and whether anything was copied, removed or altered from the file." (ECF No. 192). Those requests were denied for the reasons stated in the Court's May 21, 2019 order. (ECF No. 195).

  Defendant has now submitted a letter-motion, dated May 27, 2019, requesting the same relief that was denied in the May 21, 2019 order. (ECF No. 197). Insofar as this newest letter seeks relief that the Court has already denied, it is construed as a motion to reconsider. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

1

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *United States v. Nordlicht*, No. 16-CR-640 (DLI), 2018 WL 6106707, at *7 (E.D.N.Y. Nov. 21, 2018) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Here, Defendant's motion for reconsideration—submitted only days after the Court denied the same relief in a prior order—presents no new grounds for relief, such as an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

For these reasons, the relief requested in the May 27, 2019 letter is **DENIED**.

SO ORDERED.

Dated: Brooklyn, New York
June 25, 2019

/s/
I. Leo Glasser             U.S.D.J.